IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ROBERT LEE BARNES,** )<br>    Plaintiff, ) | Case No. 7:20-cv-00635 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **BENNY MULLINS, et al.,** ) | Chief United States District Judge |
|     Defendant. ) | |

## MEMORANDUM OPINION

Robert Lee Barnes, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, alleging that three medical professionals employed at Wallens Ridge State Prison ("WRSP") and Defendant Tyler Kemp, "a physician's assistant employed at Carilion Clinic Orthopaedics," violated his rights under the Eighth Amendment by failing to adequately treat his "functional scoliosis." Compl., ECF No. 1-1, at 2 and 24. On August 20, 2021, the court granted Kemp's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The court concluded that Barnes "failed to plausibly allege facts showing that Kemp knew of and disregarded an excessive risk to his health and safety." Mem. Op., ECF No. 49, at 13.

The case is now before the court on Barnes's motion to alter judgment. ECF No. 54. For the reasons set forth below, the motion is **DENIED**.

## Standard of Review

Barnes seeks relief under Rule 59(e), which permits a party to file a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). "Rule 59(e), however, applies only to final judgments." Saint Annes Dev. Co., Inc. v. Trabich, 443 F. App'x 829, 832 (4th Cir. 2011). Because the order granting Kemp's motion to dismiss "did not resolve all claims against all

parties," the order "was interlocutory and thus subject to revision at any time" under Rule 54(b). Id. (citing Fed. R. Civ. P. 54(b)); see also Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003) ("[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted.").

"The power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by 'heightened standards for reconsideration' governing final orders." Saint Annes Dev. Co., 443 F. App'x at 832 (quoting Am. Canoe Ass'n, 326 F.3d at 514–15). "Nevertheless, the discretion afforded by Rule 54(b) 'is not limitless,'" and the United States Court of Appeals for the Fourth Circuit has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." U.S. Tobacco Coop. Inc. v. Big South Wholesale of Va., LLC, 899 F.3d 236, 256–57 (4th Cir. 2018) (quoting Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017)). "Accordingly, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." Id. (internal quotation marks and citation omitted).

## Discussion

In his motion to alter judgment, Barnes makes two overarching arguments. First, Barnes contends that he has obtained additional evidence showing that "Defendant Kemp knowingly failed to treat his functional scoliosis" and that "functional scoliosis requires treatment." Mot. to Alter J., ECF No. 54, at 2. Second, Barnes argues that the court

"improperly dismissed [his claim against Kemp] as a mere disagreement between a prisoner and a physician over the proper course of treatment." Id. at 5. The court finds both arguments unpersuasive.

The additional evidence on which Barnes relies consists of answers to interrogatories by Kemp and Defendant Benny Mullins, M.D., the physician at WRSP who referred Barnes for the consultative evaluation performed by Kemp. Barnes notes that Dr. Mullins indicated in response to an interrogatory that "to the extent that Plaintiff may suffer from any scoliosis, it is functional rather than structural," meaning that "any curvature of the spine is not an anatomic defect . . . but rather is a temporary condition resulting from an irregularity elsewhere in the body, e.g., muscle spasm," which will resolve "[w]hen the underlying irregularity resolves." Id. at 3. Barnes further emphasizes that when Kemp was asked to identify what treatment he recommended for Dr. Mullins to use to treat Barnes's back pain and scoliosis, Kemp responded as follows:

> Defendant gave no specific treatment options for Plaintiff's scoliosis. Defendant did prescribe Meloxicam and advised Plaintiff to treat the back pain with conservative stretching exercises and strengthening exercises. Plaintiff then noted that at a prior facility he had good success and relief from a foam roller and heat. Defendant then noted that Plaintiff could use . . . a foam roller and heat to assist with stretching and pain relief if permitted by his facility.

Kemp's Objs. and Answers to Pl.'s 2d Interrogs., ECF No. 56-1, at 1–2.

The court agrees with Kemp that the additional evidence presented by Barnes does not warrant reconsideration under Rule 54(b). Contrary to Barnes's assertions, the evidence does not support a finding that Kemp acted with deliberate indifference to his serious medical needs. The evidence indicates that any apparent scoliosis or spinal curvature is a temporary

3

response to an underlying problem and that Kemp did not recommend any specific treatment for the curvature itself.[1] Instead, he prescribed Meloxicam, a nonsteroidal anti-inflammatory drug used to treat pain, swelling, and stiffness;[2] stretching exercises; and strengthening exercises. While Barnes obviously disagrees with the course of treatment provided for his back issues, the court remains convinced that "such disagreements . . . fall short of showing deliberate indifference." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014); see also Overman v. Wang, 801 F. App'x 109, 111 (4th Cir. 2020) (emphasizing that "disagreement between an inmate and medical staff regarding the proper course of treatment provides no basis for relief") (citing Bender v. Regier, 385 F.3d 1133, 1137 (8th Cir. 2004)); Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (explaining that "a constitutional violation does not occur unless the medical provider's actions were so grossly competent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "[a]n inmate's mere disagreement with the course of treatment provided . . . will not support a valid Eighth Amendment claim") (internal quotation marks and citations omitted).

## Conclusion

For these reasons, the new evidence and argument offered by Barnes do not alter the court's conclusion that he has not stated a plausible Eighth Amendment claim for deliberate

---

[1] Scoliosis "is a sideways curvature of the spine." Halperin v. Saul, 855 F. App'x 114, 118 & n.5 (4th Cir. 2021) (emphasis and footnote omitted). Functional scoliosis is "[a] structurally normal spine that appears to have a lateral curve (scoliosis)." See Medical Definition of Functional Scoliosis, https://www.medicinenet.com/functional_scoliosis/definition.htm (last visited Feb. 1, 2022).

[2] See Meloxicam, U.S. National Library of Medicine: Medline Plus, https://medlineplus.gov/druginfo/meds/a601242.html (last visited Feb. 1, 2022) ("Meloxicam is used to relieve pain, tenderness, swelling, and stiffness . . . . It works by stopping the body's production of a substance that causes pain, fever, and inflammation.").

4

indifference against Kemp. Accordingly, Barnes's motion to alter judgment, ECF No. 54, is

**DENIED**. An appropriate order will be entered.

        Entered: February 3, 2022

        Michael F. Urbanski
        Chief U.S. District Judge
        2022.02.03 11:26:13 -05'00'

Michael F. Urbanski
Chief United States District Judge

5