IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ROBERT LEE BARNES,** </br>  Plaintiff, </br> </br> v. </br> </br> **BENNY MULLINS, et al.,** </br>  Defendants. | Civil Action No. 7:20-cv-00635 </br> </br> By: Michael F. Urbanski </br> Chief United States District Judge |

## ORDER

Robert Lee Barnes, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging violations of his Eighth Amendment right to adequate medical care. Barnes asserted, among other claims, that Dr. Benny Mullins and Dr. Happy Smith failed to respond to his complaints of back pain and muscle issues, and failed to address his complaints regarding the effectiveness of prescribed medications. On March 31, 2022, the court granted the motion for summary judgment filed by Dr. Benny Mullins and Dr. Happy Smith, and denied Barnes's motions for summary judgment. The court concluded that "no reasonable jury could find that the treatment provided by Dr. Mullins and Dr. Smith was so grossly incompetent as to permit a finding of deliberate indifference." Mem. Op., ECF No. 70, at 18. The case is now before the court on Barnes's motions to alter judgment. ECF Nos. 72, 73, and 74. For the reasons set forth below, the motions are **DENIED**.

Federal Rule of Civil Procedure 59(e) permits a party to file a "motion to alter or amend a judgment . . . no later than 28 days after entry of the judgment."* Fed. R. Civ. P. 59(e).

---

* Barnes's motion was timely filed pursuant to the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988).

Although Rule 59(e) itself does not provide a standard under which relief may be granted, the United States Court of Appeals for the Fourth Circuit has held that "[a] Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. NASCAR, 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). The Rule provides "an extraordinary remedy that should be applied sparingly" and only in "exceptional circumstances." Id. It "may not be used to relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks and citation omitted).

Having reviewed the record and applicable law, the court concludes that Barnes is not entitled to relief under Rule 59(e). Barnes does not point to any change in controlling law or identify any new evidence that was previously unavailable. Nor has he shown that reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Contrary to Barnes's assertions, the court considered all of his claims of inadequate medical treatment, including his claim that Dr. Mullins and Dr. Smith failed to respond to his complaints of back pain and muscle issues, and his claim that the physicians failed to address his complaints that prescribed medications did not effectively alleviate his pain and discomfort. As the court noted in its previous opinion, it is undisputed that Dr. Mullins and Dr. Smith personally examined Barnes on multiple occasions between December 2018 and April 2021; that they collectively prescribed a variety of medications in an effort to address his complaints of back pain and muscle discomfort, including Baclofen, Mobic, Motrin, Flexeril, Naproxen,

Elavil, Robaxin, and a muscle rub; that Dr. Smith ordered cervical, thoracic, and lumbar spine x-rays; that Dr. Mullins arranged for Barnes to undergo a consultative orthopaedic examination; and that Dr. Mullins twice referred Barnes for physical therapy. Based on the evidence presented, the court remains convinced that no reasonable jury could find that the treatment provided by Dr. Mullins or Dr. Smith was so grossly incompetent or inadequate as to rise to the level of a constitutional violation. See Hixson v. Moran, 1 F.4th 297, 303 (4th Cir. 2021) ("To find the prison officials liable, the treatment given must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.") (internal quotation marks and citations omitted); see also Wilson v. Adams, 901 F.3d 816, 821–22 (7th Cir. 2018) (concluding that no reasonable jury could find from the totality of care provided that a physician was deliberately indifferent in his treatment of an inmate's neck, back, and throat pain); Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) (noting that individuals who receive the best treatment can still experience pain and that the Eighth Amendment does not "require[] prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment"). While Barnes may disagree with the court's decision, "mere disagreement does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).

For these reasons, it is hereby **ORDERED** that Barnes's motions to alter judgment, ECF Nos. 72, 73, and 74, are **DENIED**, and this action is once again **STRICKEN** from the court's active docket.

The Clerk shall send a copy of this order to Barnes and to all counsel of record.

It is so **ORDERED**.

3

Entered: December 5, 2022

*Digitally signed by Michael F. Urbanski, Chief U.S. District Judge*
*Date: 2022.12.05 17:19:39 -05'00'*

Michael F. Urbanski
Chief United States District Judge

4